# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 16, 2010

Lyle W. Cayce
Clerk

No. 10-50266
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ARTEMIO SALVADOR-DANIEL, also known as Daniel Salgado-Vences,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:09-CR-650-1

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Artemio Salvador-Daniel appeals the 21-month sentence imposed following his guilty plea conviction for illegal reentry following deportation. He argues that his within-guidelines sentence is greater than necessary to satisfy the sentencing goals of 18 U.S.C. § 3553(a), because it overstates the seriousness of his criminal history and fails to provide just punishment for the offense in light of his history and characteristics, including his motive for reentering the country. He also contends that the sentence is greater than necessary because

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the illegal reentry guidelines double counted his criminal history by using a prior conviction both to enhance his offense level and to calculate his criminal history category.

Because Salvador-Daniel did not object to his sentence in the district court, review is for plain error only. *See United States v. Peltier,* 505 F.3d 389, 391-92 (5th Cir. 2007).

In *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009), we held that there was no impermissible double counting in the guidelines calculations that rendered the sentence unreasonable. *See also* U.S.S.G. § 2L1.2, comment. (n.6). Further, Salvador-Daniel's disagreement with the propriety of the sentence imposed and with the district court's weighing of the mitigating factors he presented in support of a lesser sentence does not suffice to rebut the presumption of reasonableness that attaches to his within-guidelines sentence. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir.), *cert. denied*, 129 S.Ct. 624 (2008); *United States v. Rodriguez*, 523 F.3d 519, 526 (5th Cir.), *cert. denied*, 129 S.Ct. 624 (2008); *United States v. Alonzo*, 435 F.3d 551, 554-55 (5th Cir. 2006). Accordingly, the judgment of the district court is AFFIRMED.